IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.   No. 20-cr-01849-KWR

KENNETH LUCIOUS,

        Defendant.

### ORDER AND OPINION OVERRULING DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT

THIS MATTER comes before the Court on Defendant Kenneth Lucious's objection to the presentence report. Doc. 98. Defendant argues that he does not qualify as a career offender under USSG § 4B1.1(a). Doc. 98 at 9. The Court concludes that Defendant's objection is not well taken, and therefore, is overruled.

### BACKGROUND

Defendant Kenneth Lucious pleaded guilty to being in possession with an intent to distribute five or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Doc. 81 at 2. In the presentence report, the United States Probation Office (USPO) recommended a Chapter 4 enhancement because Defendant qualifies as a career offender under USSG §§ 4B1.1(a), (b)(2). Doc. 99 at 7, ¶ 23 (presentence report).

1

**DISCUSSION**

I.   **Legal Standard**

To qualify as a "career offender" under the sentencing guidelines, (1) the defendant must have been "at least eighteen years old at the time the defendant committed the instant offense of conviction," (2) "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense," and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). A "controlled substance offense" means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year," that "[a] prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or [b] the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense; or (2) is an offense described in 46 U.S.C. § 70503(a) or 70506(b)." USSG § 4B1.2(b) (definitions of terms used in section 4B1.1).

II.   **Analysis**

The Court finds that Defendant qualifies as a career offender under USSG § 4B1.1. The career offender enhancement's first two requirements are not in dispute: Defendant was at least 18 years old when he committed the instant offense, *see* Doc. 99 at 3, and the instant offense (possession with intent to distribute methamphetamine) meets the definition of a "controlled substance offense," *see* Doc. 99 at 4; USSG § 4B1.2(b). Defendant instead argues that he does not qualify as a career offender because he lacks two prior felony convictions of either a crime of violence or a controlled substance offense. Doc. 98 at 9–19.

The USPO points to two prior state felony convictions that qualify as "controlled substance offenses." In 2011, Defendant was convicted in California for the possession for sale of cocaine

2

under Cal. Health & Safety Code § 11351.5 and was sentenced to 4 years in custody. Doc. 99 at 9, ¶ 32; *see United States v. Charles*, 581 F.3d 927, 934 (9th Cir. 2009) ("[A] prior conviction under § 11351.5 constitutes a controlled substance offense for the purpose of determining whether a defendant qualifies as a career offender under § 4B1.1"). Defendant does not dispute that this counts as a "controlled substance offense" under the career offender guideline. *See* Doc. 98 at 9–19.

In 2000, Defendant was convicted in Oklahoma for possession with intent to distribute cocaine under Okla. Stat. Ann. tit. 63, § 2-401 and was sentenced to 4 years in custody. Doc. 99 at 8, ¶ 30; Doc. 101-1 at 20 (judgment and sentence as amended to conform to court minute and summary of facts). This statute makes it unlawful for a person:

> (1) To distribute, dispense, transport with intent to distribute or dispense, possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance . . .; (2) To create, distribute, transport with intent to distribute or dispense, or possess with intent to distribute, a counterfeit controlled dangerous substance; or (3) To distribute any imitation controlled substance . . . .

Okla. Stat. Ann. tit. 63, § 2-401(A). Crimes committed under this statute are punishable by imprisonment for a term exceeding one year. *See* Okla. Stat. Ann. tit. 63, § 2-401(B); *United States v. Jones*, 15 F.4th 1288, 1294 (10th Cir. 2021).

Defendant first argues that the Court should not recognize his Oklahoma conviction under Okla. Stat. Ann. tit. 63, § 2-401 and should instead treat it as a conviction under Okla. Stat. Ann. tit. 63, § 2-415. Doc. 98 at 16–17. In September 2000, Defendant entered a guilty plea admitting to "trafficking" in violation of Okla. Stat. Ann. tit. 63, § 2-415. Doc. 101-1 at 8. While Defendant admitted to "trafficking," Defendant stated that his "understanding of the plea agreement" was that it "amend[ed] [the] charge to possession of [a controlled dangerous substance] [with] intent to distribute." Doc. 101-1 at 9. On the same page, in response to a question concerning "the factual

3

basis for [his] plea(s)," Defendant wrote that "[he] received some cocaine that [he] was going to distribute." Doc. 101-1 at 9. In October 2000, an Oklahoma district court entered a judgment and sentence showing that Defendant pleaded guilty to "Count 1: Possession [with] Intent to Distribute." The document has crossed out in pen "trafficking in illegal drugs" and "2-415." Doc. 101-1 at 14. The district court also filed as an attachment a form for "additional findings at time of sentencing," which included a finding that Defendant was originally charged with "possession [with] intent to distribute" in violation of "63 O.S. § **2-401(B)(2)**." Doc. 101-1 at 18 (emphasis added). Defendant was sentenced to a term of ten years. Doc. 101-1 at 14. The original judgment was signed by Defendant's attorney at the time and included a signed "certificate of defense counsel." Doc. 101-1 at 13, 19. In November 2000, the same court entered a "judgment and sentence as amended to conform to court minute and summary of facts." Doc. 101-1 at 20. This corrected the crossed-out portions of the original judgment and sentence to state that Defendant plead guilty to "Count 1: Possession With Intent to Distribute" in violation of "63 O.S. Section 2-401." Doc. 101-1 at 20. Defendant argues that because he neither witnessed nor signed the amended judgment and sentence, the Court should not recognize his conviction under § 2-401 and should instead treat it as a conviction under § 2-415. *See* Doc. 98 at 16–17.

The Court recognizes Defendant's prior felony conviction under Okla. Stat. Ann. tit. 63, § 2-401(B)(2).[1] A defendant generally cannot use sentencing proceedings to challenge a prior state court conviction. *See Daniels v. United States*, 532 U.S. 374, 382 (2001) ("[I]f, by the time of sentencing under the ACCA, a prior conviction has not been set aside on direct or collateral review,

---

[1] Defendant further argues that trafficking under Okla. Stat. Ann. tit. 63, § 2-415 is not a controlled substance offense. *See* Doc. 98 at 17. The Court need not address this argument because Defendant was convicted of possession with an intent to distribute under § 2-401, not trafficking under § 2-415.

that conviction is presumptively valid and may be used to enhance the federal sentence."); *Custis v. United States*, 511 U.S. 485, 496–97 (1994) (explaining that there is no "right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel"). Here, Defendant does not represent that he previously (successfully) challenged his Oklahoma conviction under § 2-401 on direct or collateral (habeas) review or that it was otherwise set aside. And Defendant does not allege (nor could he successfully argue) that he had ineffective counsel for his Oklahoma conviction: Defendant was represented by counsel and he expressly acknowledged that he "believe[d] [his] lawyer [had] effectively assisted [him] in this case and [was] satisfied with his advice." Doc. 101-1 at 9. The Court thus has no reason to disregard his prior conviction under Okla. Stat. Ann. tit. 63, § 2-401(B)(2).

Defendant alternatively argues that Okla. Stat. Ann. tit. 63, § 2-401 is "divisible" and implies that some crimes under the statute do not qualify as a "controlled substance offense." *See* Doc. 98 at 18–19.[2] This argument also fails. The Tenth Circuit has previously explained that a conviction for "distribution of a controlled substance" under § 2-401 qualifies as a "controlled substance offense" under USSG § 4B1.2(b). *Jones*, 15 F.4th at 1294–96 (holding that a defendant's "Oklahoma conviction of possession with intent to distribute a controlled substance" under Okla. Stat. Ann. tit. 63, § 2-401 is a "'controlled substance offense' under § 4B1.2(b)"). Here, regardless of whether the statute is divisible, Defendant clearly pleaded guilty to a "controlled substance offense." A plea form stating additional findings at the time of sentencing expressly states that the offense providing the basis for the conviction was "possession [with an] intent to distribute" under

---

[2] Defendant suggests that the statute is divisible because the statute provides different punishments depending on which subsection was violated. Doc. 98 at 18; *see* Okla. Stat. Ann. tit. 63, § 2-401(B). Defendant does not, however, explain how the statute is divisible in a way relevant to this case or analyze the statute to determine which criminal acts covered by the statute do not qualify as a "controlled substance offense."

5

subsection (B)(2), which covers crimes involving "controlled dangerous substance[s] classified in Schedule II, IV, [or] V." Doc. 101-1 at 18, 20. Defendant also admitted in his guilty plea that he "received some cocaine" that he was "going to distribute out." Doc. 101-1 at 9. Cocaine has long been classified as a Schedule II controlled substance. *See* 21 C.F.R. § 1308.12(b) (1974). In short, the Court can ascertain from court records that Defendant was convicted of a "controlled substance offense," meaning a statute that penalizes the "distribution . . . of a controlled substance," USSG § 4B1.2(b)(1), under § 2-401. *See United States v. Cantu*, 964 F.3d 924, 927 (10th Cir. 2020) ("A court can ascertain which sub-crime the defendant was convicted of by examining a limited category of court records, such as the charging document, jury instructions, a plea agreement, or a plea colloquy.").

## CONCLUSION

Accordingly, the Court overrules Defendant's objection to the application of the career offender enhancement to his sentence under USSG § 4B1.1, Doc. 98 at 9.

**It is SO ORDERED**.

                                        /S/
                                        KEA W. RIGGS
                                        UNITED STATES DISTRICT JUDGE